## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| WALLY ROSARIO, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) Civil Case No.: |
| WAL-MARK CONTRACTING GROUP, LLC | ) ) ) ) |
|     Defendant. | ) ) |
| _____ / | |

## **PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff WALLY ROSARIO ("Plaintiff" or "Rosario"), files his Complaint against Defendant, WAL-MARK CONTRACTING GROUP, LLC ("Defendant" or "WAL-MARK"), and in support she states the following:

## **NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. ("ADA") and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01 *et seq*. ("FCRA"), to redress Defendant's unlawful employment practices against Plaintiff including Defendant's unlawful discrimination, harassment, retaliation against Plaintiff because of his disability leading to his unlawful termination.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

5. Plaintiff, Rosario is a citizen of the United States, and is and was at all times material, a resident of the State of Florida, residing in Manatee County, Florida.

6. Defendant, Wal-Mark, is a Foreign Limited Liability Company with its principal place of business in Tampa, Florida.

7. Defendant does business in this judicial district at 4016 Sun City Center Blvd, Sun City Center, Florida 33573.

8. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On March 20, 2020, Plaintiff timely dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human

Relations ("FCHR"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on disability and retaliation.

11. Plaintiff's EEOC Charge was filed within three hundred days after the alleged unlawful employment practices.

12. On September 14, 2020 the EEOC issued to Plaintiff his Notice of Right to Sue.

13. On September 22, 2020, Plaintiff received the Notice of Right to Sue.

14. This Complaint was filed within ninety days following Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

15. Plaintiff began his employment with Defendant in 2001. Prior to his unlawful termination, Plaintiff was working on a construction project at South Bay Hospital.

16. Plaintiff is a disabled male.

17. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

18. At all times relevant to this action Plaintiff was able to perform the essential functions of his job with or without accommodations.

19. Plaintiff suffered from a sprained leg, which is a physical condition that substantially impaired his major life functions of walking and driving. Plaintiff also suffers

from Atrial Fibrillation, which is a physical condition that substantially limits his major life function of proper cardiac function and can be fatal.

20. Defendant knew about Plaintiff's Atrial Fibrillation because Plaintiff previously had surgery due to this disability while employed with Defendant.

21. On February 11, 2020, Plaintiff's leg inexplicably locked while he was on the jobsite, South Bay Hospital. Plaintiff was in extreme pain and barely able to move. Plaintiff began experiencing heart palpitations and feared that the stress from the pain would trigger a full medical episode due to his Atrial Fibrillation. Plaintiff required emergency medical attention.

22. A Foreman on the job site, Hector Ambert, assisted Plaintiff into the South Bay Hospital emergency room that was feet away because Plaintiff was unable to walk. After being treated, Plaintiff further notified Luis Delgado, Safety Supervisor and Mike Besecker, Supervisor about his injury.

23. Permitting Plaintiff to obtain immediate medical assistance at the South Bay Hospital emergency room that was feet away instead of requiring Plaintiff to go to a Nursing Clinic that was 48 miles away while unable to walk or drive would have been a reasonable accommodation.

24. On February 13, 2020, Plaintiff went to Defendant's Worker's Compensation Nursing Clinic. The doctor placed Plaintiff on restrictions to not kneel, squat, twist, or climb ladders.

25. Defendant also ordered Plaintiff to undergo additional testing and provided Plaintiff documentation for the same. Plaintiff took the documentation to Quest and underwent the testing Defendant ordered.

26. On February 17, 2020, Plaintiff had a follow up appointment with the Nursing Clinic.

27. Without further engagement in the interactive process and because of his disability on February 18, 2020, Defendant terminated Plaintiff under the pretext.

28. Defendant subjected Plaintiff to disparate treatment and failed to accommodate Plaintiff by terminating Plaintiff for seeking emergency medical attention during a medical emergency.

29. Plaintiff has been damaged by Defendant's illegal conduct.

30. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**Count I:**
**Disability Based Discrimination under the ADA**

31. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-30 above.

32. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

33. Plaintiff was able to perform the essential functions of his job at the time of his unlawful termination.

34. Defendant is prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

35. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on his disability.

36. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

37. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## Count II:
## Failure to Accommodate under the ADA

38. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-30 above.

39. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

40. Plaintiff was able to perform the essential functions of his job at the time of his unlawful termination.

41. Defendant is required to engage in the interactive process and reasonably accommodate Plaintiff.

42. Defendant violated the ADA by failing to engage in the interactive process and reasonably accommodate Plaintiff.

43. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

44. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## Count III:
## Handicap Based Discrimination in Violation of the FCRA

45. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-30 above.

46. Plaintiff was a qualified individual with a handicap under the meaning of the FCRA.

47. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of his handicap with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

48. Defendant violated the FCRA by unlawfully terminating and discriminating against Plaintiff based on his handicap.

49. Defendant intentionally discriminated against Plaintiff on the basis of his handicap.

50. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

51. Defendant's unlawful conduct in violation of the FCRA was outrageous, malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and or punitive damages.

### Count IV:
### Failure to Accommodate in Violation of the FCRA

52. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-30 above.

53. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the FCRA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

54. Plaintiff was able to perform the essential functions of his job at the time of his unlawful termination.

55. Defendant is required to engage in the interactive process and reasonably accommodate Plaintiff.

56. Defendant violated the FCRA by failing to engage in the interactive process and reasonably accommodate Plaintiff.

57. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

58. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert witness fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

>Respectfully Submitted:
>
>**/s/ Zane A. Herman**
>Zane A. Herman
>Florida Bar No.: 120106
>Spielberger Law Group
>4890 W. Kennedy Blvd., Suite 950
>Tampa, Florida 33609
>T: (800) 965-1570 ext. 105
>F: (866) 580-7499
>zane.herman@spielbergerlawgroup.com
>
>*Counsel for Plaintiff*